IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN SECTION OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| TAMARA WILLIAMS, an individual, on behalf of herself and all similarly situated persons, | |
| | Case No. 2:20-cv-02402-JPM-tmp |
| PLAINTIFFS, | (Hon. Judge Jon Phipps McCalla) |
| | SECOND AMENDED CLASS ACTION COMPLAINT FOR: |
| v. | |
| THE LASIK VISION INSTITUTE, LLC, a foreign limited liability company; | (1) VIOLATIONS OF TENN. CODE ANN. § 63-6-225(a) |
| JAMES RYNERSON, M.D., an individual; | (2) AIDING AND ABETTING VIOLATIONS OF TENN. CODE ANN. § 63-6-225(a) and § 63-6-226(a); |
| JAMES M. RYNERSON, M.D. PSC, a defunct foreign corporation; | |
| LVI INTERMEDIATE HOLDINGS, INC., doing business as VISION GROUP HOLDINGS, LLC, a foreign corporation; | (3) CIVIL CONSPIRACY TO VIOLATE TENN. CODE ANN. § 63-6-225(a); |
| | (4) CONSTRUCTIVE TRUST; |
| LVI SUPER INTERMEDIATE HOLDINGS, INC.; a foreign corporation; | (5) CORPORATE OFFICER LIABILITY; AND |
| LVI HOLDCO, LLC, a foreign limited liability company | (6) PUNITIVE DAMAGES |
| 9597930 CANADA, INC., a foreign corporation; | INDIVIDUAL CLAIM FOR: |
| MARK JAMIE COHEN, an individual; | VIOLATION OF THE TENNESSEE CONSUMER PROTECTION ACT, TENN. CODE ANN § 47-18-104(a) & (b) |
| AVI WALLERSTEIN, an individual; | |
| LISA ANN MELAMED, an individual; | JURY TRIAL DEMANDED PURSUANT TO TENN. R. CIV. PRO. 38(a) & 38(b) |
| RAYMOND R. MONTELEONE; an individual; | |
| BEN L. COOK, an individual; | |

| | |
|---|---|
| MARK A. HOCKENSON, an individual; | ) |
| | ) |
| WILLIAM WOLZ, an individual | ) |
| | ) |
| CHRIS FOLSOM, an individual; | ) |
| | ) |
| ERIKA JACKSON, an individual; and | ) |
| | ) |
| | ) |
| DEFENDANTS. | ) |
| | ) |
| | ) |
| | ) |
| | ) |
| | ) |
| | ) |

**PLAINTIFF'S MOTION FOR SANCTIONS AND ATTORNEY'S FEES AGAINST DEFENDANT LVI INTERMEDIATE HOLDINGS, INC. (DOING BUSINESS AS VISION GROUP HOLDINGS) AND MEMORANDUM IN SUPPORT**

COMES NOW Plaintiff Tamara Williams ("Plaintiff"), on behalf of herself and all similarly situated persons, by and through her designated attorneys, pursuant to Rule 37(b)(2)(A) of the Federal Rules of Civil Procedure and Local Rule 7.2(a)(1), and submits her Motion for Sanctions and Attorney's Fees against Defendant LVI Intermediate Holdings, Inc., doing business as Vision Holdings Group (hereinafter referred to as "Defendant" or "Vision Group"), for failure to Comply with this Court's April 8, 2021 Order Granting Plaintiff's Unopposed Motion to Compel (ECF No. 111) and would state as follows:

1. On April 30, 2020, Plaintiff commenced this civil action, *Tamara Williams, et al. v. The Lasik Vision Institute, LLC, et al.*, Case No. CH-20-0510-3, by filing a Class Action Complaint in the Chancery Court of Shelby County, Tennessee for the Thirtieth Judicial District at Memphis. On June 8, 2020, Defendants removed this Action to this Court. (*See*, ECF No. 1).

2. In her Second Amended Class Action Complaint, Plaintiff asserts legal claims on

2

behalf of a putative Tennessee statewide class for violations of TENN. CODE ANN. § 63-6-226(a) and Tennessee Common Law in order to remedy the Defendants' unlawful scheme of engaging in, and grossly profiting from their violation of Tennessee's long standing law prohibiting physicians and any other person from dividing any fee or compensation of any sort received or charged in the practice of medicine or surgery with any person without the knowledge and consent of the person paying the fee or compensation or against whom the fee may be charged. (*See*, ECF No. 75).

3. The parties have agreed to bifurcate "merits" discovery from "class" discovery. (*See*, Scheduling Order at p. 3, ECF No. 35).

4. On October 9, 2020, Plaintiff served her First Requests for Production of Documents and Interrogatories on Defendant Vision Group ("Plaintiff's Discovery Requests"). (*See*, ECF No. 83).

5. With the exclusion a number of insurance policies issued to Defendants that are providing coverage in this matter, all or substantially all of Vision Group's assets were purchased by an entity known as "Kismet New Vision Holdings, LLC" (hereinafter "Kismet") out of certain bankruptcy proceedings filed by Vision Group in Delaware.

6. In connection with its purchase of Vision Groups' assets, Kismet is now the custodian of Vision Group's electronically stored information as well as hard data and information (collectively referred to as the "Vision Group Data") which are directly relevant to class certification in this action. As a result, Plaintiff has granted numerous extensions to Vision Group in order to give it sufficient time to obtain the needed information and documents from Kismet.

7. Vision Group has the legal right to obtain from Kismet the Vision Group Data

3

which Kismet holds and maintains.  As explained in Plaintiff's Unopposed Motion to Compel

(ECF No. 103) . In the Asset Purchase Agreement between Kismet and Vision Group, Kismet

agreed to the following:

> **Section 6.3   Availability of Business Records.** For a period of twelve months after the Closing, Buyer shall promptly provide to Sellers and their respective Representatives (after reasonable notice and during normal business hours and without charge to Sellers) access to all Records included in the Acquired Assets for periods prior to the Closing to the extent such access is necessary in order for Sellers (as applicable) to comply with applicable Law or any contract to which it is a party, for liquidation, winding up or Tax reporting and so long as such access is subject to an obligation of confidentiality, and shall preserve such Records until the latest of (i) twelve months after the Closing Date, (ii) the required retention period for all government contact information, records or documents (solely for such information which such requirement applies), or (iii) the conclusion of all bankruptcy proceedings relating to the Chapter 11 Cases.  Prior to destroying any Records included in the Acquired Assets for periods prior to the Closing during the twelve month period described herein, Buyer shall notify Sellers thirty (30) days in advance of any such proposed destruction of its intent to destroy such Records, and Buyer shall permit Sellers to retain such Records, at Sellers' cost and expense. With respect to any Litigation and claims that are Excluded Liabilities, Buyer shall render all reasonable assistance that Sellers may request in defending or prosecuting such Litigation or claim at Sellers' expense and (upon comfort that Buyer's expenses will be appropriately paid or reimbursed to it) shall make reasonably available to Sellers such personnel as are most knowledgeable about the matter in question.

(*See*, Amended and Restated Asset Purchase Agreement between Kismet and Vision Group at

Section 6.3, p. 45 of 80,  ECF No. 103-1)

8. As a result, Vision Group has the legal right to demand that Kismet provide

access to the Vision Group's documents and render reasonable assistance at Vision Group's

request to produce same.

9. In its Responses to Plaintiff's Discovery Requests, Defendant Vision Group

indicates that it has been impeded in the production of documents and interrogatory answers

because Kismet, as its document custodian, has refused to produce the Vision Group Data.  (*See*,

Vision Group's Objections and Responses to Plaintiff's First Set of Requests for Production, at

ECF No. 103-2).

10. Specifically, in response to Document Request Nos. 1 - 4, 7 -10, 16, 17, 21, 22,

4

23, 25, and 26 Interrogatory Nos. 6, 8, 9 -12, Vision Group states that Kismet has refused to produce this information and documents to it:

> Defendants state that, despite months of diligent efforts, Defendants have been unable to obtain the documents responsive to this request [or information responsive to this interrogatory]. On July 28, 2020, an Amended and Restated Asset Purchase Agreement ("APA") entered into on July 14, 2020, and made effective as of July 9, 2020, was filed in the United States Bankruptcy Court for the District of Delaware. Through that APA, Kismet New Vision Holdings, LLC, purchased the assets of LVI Intermediate Holdings, Inc., The Lasik Vision Institute, LLC, and TLC Vision Center Holdings, LLC, to include the documents requested by Plaintiff. Defendants have attempted for months to obtain the documents requested in Request 2 from Kismet New Vision Holdings, LLC, and all attempts have been futile. As such, despite the relevance of the requested documents as related to the time period from April 30, 2018, to April 30, 2020, Defendants are unable to produce those documents.

(*Id.*).

11. A party may discover documents within another party's possession, custody, or control. Fed. R. Civ. P. 34(a). The meaning of "possession, custody, or control" includes actual possession, custody and control as well as "the legal right to obtain the documents on demand." *In re Bankers Trust Co.,* 61 F.3d 465, 469 (6th Cir. 1995) (citing *Resolution Trust Corp. v. Deloitte & Touche,* 145 F.R.D. 108, 110 (D. Colo. 1992); *Weck v. Cross,* 88 F.R.D. 325, 327 (N.D. Ill. 1980)).

12. On March 11, 2021, the Court heard Plaintiff's Unopposed Motion to Compel, during which time Vision Group requested the hearing be reset so that it could investigate its options in obtaining the needed Vision Group Data from Kismet. (*See* Order Following Conference, ECF No.107, at PageID 1615). The Court also questioned whether Plaintiff was seeking any relief from Kismet, which is a non-party. Plaintiff indicated, and the Court recognized, that Plaintiff was not seeking to compel Kismet to do anything. (*Id*. at PageID 1657-58).

13. The Court also foresaw the issue that Vision Group may ultimately face sanctions under Rule 37 in the event that it did not produce the requested documents and warned Vision Group about the possibility of the imposition of sanctions. (*Id*. at PageID 1656).

14. On March 29, 2021, the Court heard from the parties, noting that Plaintiff's proposed Order Granting her Motion to Compel had eliminated any suggestion that Plaintiff was seeking relief from Kismet. As a result, the Court ruled that Plaintiff's Motion to Compel Vision Group to produce the Vision Group Data should be granted. In doing so, the Court warned Vision Group of the consequences of failing to abide by this Order:

```
The Court: What basically you have done, as I
understand it, is put the defense in the position -- the
Court finds that Ms. Williams is entitled to discover the
relevant documents and information pertaining to the time
period from April 2018 through April 2020 from Vision Group,
and the motion to compel was granted. And the obvious point
there is that Vision Group will then be on the hook for
receiving the production of the material. And that is okay
with me, and that will resolve the pending motion.

I wanted to say it clearly so that everybody
understands what can happen as a result of that. I think
everybody certainly does.
```

(ECF No. 117, Transcript Hearing at Page ID 1673, line 9 – 19).

15. Before formally entering an Order as requested by Plaintiff, the Court gave Vision Group yet another opportunity to obtain the Vision Group Data without the entry of Plaintiff's proposed Order and reset Plaintiff' Unopposed Motion to Compel for final resolution on April 8, 2021. (ECF No. 108, Minute Entry).

16. On April 8, 2021, the Court once again heard from the parties. Vision Group informed the Court that it had not yet obtained the Vision Group Data but hoped to be able to do

6

so.[1]  As a result, the Court entered its Order Granting Plaintiff's Unopposed Motion to Compel Vision Group to produce the Vision Group Data.  (ECF No. 111, Order Granting Plaintiff's Unopposed Motion, 4/8/2021).

17.     Following entry of the Order, counsel for Plaintiffs have continually inquired with counsel for Vision Group as to the production of the Vision Group Data.  Counsel for Vision Group indicated that it was working on the production.  Finally on June 8, 2021, counsel for Vision Group confirmed that Vision Group would not be producing the Vision Group Documents.

18.     Rule 37(b) of the Federal Rules of Civil Procedure provides that "[i]f a party...fails to obey an order to provide or permit discovery...the court where the action is pending may issue further just orders."  Rule 37(b)(2)(A)(i)-(vi) sets for appropriate sanctions for noncompliance, including dismissal of the action.  Courts consider four factors when determining whether dismissal is an appropriate sanction for failure to comply with discovery obligations:

(1)     whether the party's failure to cooperate in Discovery is due to willfulness, bad faith or fault;

(2)     whether the adversary was prejudiced by the dismissed party's failure to cooperate in discovery;

(3)     whether the dismissed party was warned that failure to cooperate would lead to dismissal; and

(4)     whether less drastic sanctions were imposed or considered before dismissal was ordered.

---

[1] In addition, to Plaintiff counsel's best recollection, the Court again warned Vision Group at the April 8, 2021 hearing that sanctions, up to and including default, may be warranted in this instance if the Vision Group Data was not produced in compliance with the Order.  Plaintiff has sought to obtain the transcript for this hearing, but it is not yet available.

*Norris v. MK Holding, Inc. (In re Regions Morgan Keegan Sec., Derivative & ERISA Litig.)*, No. 2:09-md-2009; 2:08-cv-2830, 2017 U.S. Dist. LEXIS 132528, at *12-13 (Tenn. W.D. Apr. 28, 2017) (citing *Harmon v. CSX Transp. Inc.*, 110 F.3d 364, 366. (6th Cir. 1997)).

19. Class discovery must be conducted <u>before</u> the Court can make a determination as to whether there is a viable Class and whether Plaintiff may represent that Class. Numerous federal decisions hold that the putative Class representative is entitled to pre-certification class discovery. This discovery naturally includes the identities and information of those persons who may be in the class. *See Howard v. Wilkes & McHugh, P.A.*, No. 06-2833 Ml/P, 2008 U.S. Dist. LEXIS 73663 (W.D. Tenn. Sept. 24, 2008) (Magistrate Judge Tu M. Pham).[2]

20. Here, on April 8, 2021, the Court entered its Order Granting Plaintiff's Unopposed Motion to Compel. As recited herein, Vision Group will not be complying with the Order.

21. Sanctions are appropriate in this instance. Vision Group's failure to produce the Vision Group Data at this stage must be construed as willful or, at a minimum, due to Vision Group's fault. Vision Group has failed for months to subpoena Kismet or otherwise take any legal action against Kismet to obtain the Vision Group Data.[3] Vision Group is entitled to the Vision Group Data and has not taken the necessary steps to obtain it, despite having the Court's Order Granting the Unopposed Motion to Compel in hand since April 8, 2021. "<u>A mere failure to comply with order under Rule 37(a) is sufficient to justify imposition of sanctions under Rule</u>

---

[2] An extensive string cite of relevant case law is contained in Plaintiff's Unopposed Motion to Compel, should it be of use to the Court. (Dkt. No. 103, PageID 1484-86).

[3] Although Plaintiff has subpoenaed Kismet seeking these materials, Kismet responded with numerous objections and refused to provide Plaintiff with the Vision Group Data. Particularly in light of the Court's Order Granting the Motion to Compel, it is Vision Group's obligation to obtain these documents. It is not Plaintiff's obligation. Plaintiff does not believe that she must spent even more time, money, and effort in an out-of-state forum seeking to obtain materials that Vision Group has a right to obtain and obligation to provide.

37(b); proof of willfulness is not required." *Independent Productions Corp. v. Loew's, Inc.*, 30 F.R.D. 377, (S.D.N.Y. 1962) (emphasis added) (citing *Societe Internationale Pour Participations. v. Rogers*, 357 U.S. 197, 78 S. Ct. 1087, 2 L.Ed.2d 1255 (1958)); *see also Chandler v. Daly*, No. 06-2742-STA-tmp, 2008 U.S. Dist. LEXIS 54857 at *6 (W.D. Tenn. Jul. 17, 2008) ("the Court finds that Plaintiff is at fault in causing the dismissal due to her failure to respond to discovery and failure to comply with the Court's Orders").

22. Vision Group's failure to produce the Vision Group Data in this case is highly prejudicial to Plaintiff. Plaintiff is unable to obtain the materials necessary to move for Class Certification and accordingly cannot proceed with this action. Moreover, Plaintiff is suffering from significant delay. Because Vision Group has failed to produce these documents, the Court has been forced to extend the deadlines in this case on three occasions. The original Scheduling Order was entered on July 8, 2020 (Dkt. No. 35). It was subsequently amended on September 2, 2020 (Dtk. No. 73), January 1, 2021 (Dkt. No. 101), and April 27, 2021 (Dkt. No. 113). Because Vision Group has not produced the documents, Plaintiff is no closer as of the date of this filing to proceeding with her efforts to certify the putative class. *See Norris v. MK Holding, Inc. (In re Regions Morgan Keegan Sec., Derivative & ERISA Litig.)*, 2017 U.S. Dist. LEXIS 132528, at *14 ("a party is prejudiced when it is 'unable to secure the [documents and] information requested' and 'required to waste time, money, and effort in pursuit of cooperation which [a plaintiff] was legally obligated to provide'") (citing *Schafer v. City of Defiance Police Dep't*, 529 F.3d 731, 737 (6th Cir. 2008)).

23. As set forth above, this Court warned Vision Group that it may be subject to sanctions at the hearings conducted on March 11 and March 29, 2021 (and, to counsel's best recollection, on April 8, 2021).

24.     While the Court specifically contemplated default in the March 11, 2021 hearing, Plaintiff seeks less drastic sanctions here.  Specifically, Plaintiff respectfully requests that the Court impose sanctions against Vision Group and provide relief to the Plaintiff in the form of granting Class Certification under Rule 23(b)(3) as to Vision Group, requiring Vision Group to pay for media publication of the required Class Notice, and granting Plaintiff's reasonable attorneys' fees, costs, and expenses incurred in bringing this Motion.  In the alternative, Plaintiff seeks any other sanctions that the Court deems to be just and appropriate.

WHEREFORE, PREMISES CONSIDERED, Plaintiff Tamara Williams, pursuant to Rule 37(a)(3)(B)(iii) and (iv) of the Federal Rules of Civil Procedure and Local Rule 7.2(a)(1), requests an Order Granting this Motion for Sanctions in its entirety and providing relief to the Plaintiff in the form of granting Class Certification under Rule 23(b)(3) as to Vision Group, requiring Vision Group to pay for media publication of the required Class Notice, and granting Plaintiff's reasonable attorneys' fees, costs, and expenses incurred in bringing this Motion.  In the alternative, Plaintiff respectfully requests any other sanctions that the Court deems to be just and appropriate.

Respectfully submitted,

s/*William E. Routt*
Frank L. Watson, III (Tenn. Bar No. 15073)
William F. Burns (Tenn. Bar No. 17908)
William E. Routt (Tenn. Bar No. 28577)
WATSON BURNS, PLLC
253 Adams Avenue
Memphis, Tennessee 38103
Phone: (901) 529-7996
Fax: (901) 529-7998

s/ *Tim Edwards*
John Timothy Edwards (Tenn. Bar No.5353)
BALLIN BALLIN & FISHMAN, P.C.
Suite 1250
200 Jefferson Ave.
Memphis, TN 38103
Phone: (901) 525-6278
Fax: (901) 525-6294
Email: tedwards@bbfpc.com

.  *Counsel for Plaintiff Tamara Williams and the absent Class Members*

## **LOCAL RULE 7.2(a)(1)(B) CERTIFICATE OF CONSULTATION**

      Pursuant to Local Rule 7.2(a)(1)(B), counsel for Plaintiffs conferred via telephone on June 8, 2021 with David Bridgers and Wells Trompeter, counsel to Defendant LVI Intermediate Holdings, Inc. d/b/a Vision Group Holdings, and via email on June 21, 2021 concerning the instant Motion. Vision Group opposes the relief requested herein.

                                              s/*William E. Routt*
                                              William E. Routt, III

## **CERTIFICATE OF SERVICE**

    The undersigned hereby certifies that on June 21, 2021, the foregoing was electronically filed with the United States District Court for the Western District of Tennessee and was served on counsel for all parties who have appeared in this action through the Court's CM/ECF system.

                                               s/ *William E. Routt*