## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TENNESSEE
## WESTERN DIVISION

| | | |
|---|---|---|
| TAMARA WILLIAMS, on behalf of herself and all similarly situated persons,<br><br>    Plaintiff,<br><br>v.<br><br>THE LASIK INSTITUTE, LLC; JAMES RYNERSON, M.D.; JAMES M. RYNERSON, M.D. PSC; VISION GROUP HOLDINGS, LLC; AUDAX GROUP, LIMITED PARTNERSHIP; AUDAX MANAGEMENT COMPANY, LLC; LVI SUPER INTERMEDIATE HOLDINGS, INC.; LVI INTERMEDIATE HOLDINGS, INC. d/b/a VISION GROUP HOLDINGS, LLC; LVI HOLDCO, LLC; AG LVI HOLDINGS, LLC; 9597930 CANADA, INC.; MARK JAMIE COHEN; AVI A. WALLERSTEIN; MICHAEL C. FONDO; LISA ANN MELAMED; RAYMOND R. MONTELEONE; BEN L. COOK; MARK A. HOCKENSON; BILL WOLZ; CHRIS FOLSON; ERIKA JACKSON,<br><br>    Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No. 2:20-cv-02402-JPM-tmp |

## ORDER DENYING PLAINTIFF'S MOTION FOR SANCTIONS AND ATTORNEY'S FEES AGAINST DEFENDANT LVI INTERMEDIATE HOLDINGS, INC. (DOING BUSINESS AS VISION GROUP HOLDINGS)

Before the Court is Plaintiff's Motion for Sanctions and Attorney's Fees Against Defendant LVI Intermediate Holdings, Inc. (Doing Business as Vision Group Holdings) and Memorandum in Support, filed June 21, 2021. (ECF No. 119.) On July 12, 2021, Defendant LVI Intermediate Holdings, Inc., d/b/a Vision Group Holdings, LLC ("Vision Holdings" or, for

purposes of this Order, "Defendant") filed a Response in Opposition to Plaintiff's Motion for Sanctions and Attorney's Fees.[1]  (ECF No. 126.)  For the reasons below, Plaintiff's Motion is **DENIED AS MOOT** with respect to her request for class certification and her request that the Court require Vision Holdings to pay for media publication of the class notice and **DENIED AS MOOT** with respect to other non-monetary sanctions.  Plaintiff's Motion is **DENIED** with respect to her request for attorney fees and costs incurred in bringing her Motion.

## I.    BACKGROUND

This Motion is before the Court in Plaintiff Tamara Williams's ("Williams") suit against Vision Holdings, the Rynerson Defendants, and other related entities for undisclosed fee-splitting by a physician in violation of Tenn. Code Ann. §§ 63-6-225(a) & 63-6-226(a) and misrepresentation of services in violation of the Tennessee Consumer Protection Act ("TCPA"). (Second Amended Compl., ECF No. 75.)  Williams initially filed her complaint in the Chancery Court of Tennessee for the Thirtieth Judicial District at Memphis, on April 30, 2020.  (ECF No. 1-2 at PageID 16.)  On June 8, 2020, the Rynerson Defendants removed the action to this Court. (ECF No. 1.)

In her Second Amended Class Action Complaint, Plaintiff asserts legal claims on behalf of a putative Tennessee statewide class for the violations of Tenn. Code Ann. §§ 63-6-225(a) & 63-6-226(a) mentioned above.  (See ECF No. 75.)  The Parties agreed to bifurcate "merits" discovery from "class" discovery, with class discovery to occur first.  (ECF No. 73 at PageID 969.)

---

[1] On July 6, 2021, Defendants James Rynerson, M.D. and James Rynerson, M.D. PSC (the "Rynerson Defendants") filed a Response in Opposition to Plaintiff's Motion for Sanctions and Attorney's Fees against Defendant LVI Intermediate Holdings, Inc. (Doing Business as Vision Group Holdings).  (ECF No. 124.)  Their Response is relevant only to class-certification sanctions and is not herein discussed.

On October 9, 2020, Plaintiff served her First Requests for Production of Documents and Interrogatories on Defendant Vision Holdings. (<u>See</u> ECF No. 83.) Defendant's assets (excluding a number of insurance policies that were providing coverage in this matter) were purchased by Kismet New Vision Holdings, LLC ("Kismet") out of Delaware bankruptcy proceedings. (ECF No. 111 at PageID 1620 ¶ 5.) Pursuant to an Amended and Restated Asset Purchase Agreement between Kismet and Vision Holdings, Kismet is the custodian of Vision Holdings's electronically stored and hard data (the "Vision Group Data") which is of relevance to class certification in this action, and Vision Holdings has the legal right to obtain the Vision Group Data from Kismet. (<u>Id.</u> at PageID 1620 ¶¶ 5, 6.) In its Responses to Plaintiff's First Set of Requests for Production and Interrogatories, Vision Holdings stated in response to several Requests and Interrogatories: "[D]espite months of diligent efforts, Defendants have been unable to obtain the documents responsive to this request [or the information responsive to this interrogatory]. . . . Defendants have attempted for months to obtain the [requested] documents [or information] . . . from Kismet . . ., and all attempts have been futile." (<u>See, e.g.</u>, ECF No. 103-2 at PageID 1573.)

Between September 10, 2020 and February 22, 2021, "Vision Holdings produced 21,620 pages of documents in this action." (ECF No. 126 at PageID 1841.) Defendant, however, did not produce all the requested data, which remained in Kismet's possession. (<u>See, e.g.</u>, <u>id.</u> at PageID 1841, 1843.)

On March 5, 2021, Plaintiff filed an Unopposed Motion to Compel Complete Responses and Documents in Response to Her First Set of Requests for Production of Documents and Interrogatories to Defendant LVI Intermediate Holdings, Inc. (Doing Business as Vision Holdings Holdings) and Memorandum in Support Thereof. (ECF No. 103.) In her Motion,

Plaintiff asserted that "the fact that Vision Holdings has the legal right to obtain the Vision Group Data from Kismet warrants an Order compelling these documents and information" pursuant to Federal Rule of Procedure 34(a).  (Id. at PageID 1483.)

In Telephonic Motion Conferences on Plaintiff's Motion to Compel conducted on March 11, March 29, and April 8, 2021, Defense counsel informed Plaintiff's counsel and the Court of its prior and ongoing efforts to retrieve the requested documents from Kismet.  (See ECF No. 116 at PageID 1643–50; ECF No. 117 at PageID 1674–75; ECF No. 121 at PageID 1761–62, 1765–66.)  During the April 8, 2021 hearing, Defense counsel acknowledged that the Court's Order could be useful to "motivate [Kismet] along" and thus "may be the best thing for all concerned."  (ECF No. 121 at PageID 1758, 1766.)

The Court entered an Order Granting Plaintiff's Unopposed Motion to Compel on April 8, 2021.  (ECF No. 111.)  The Court found that Plaintiff was "entitled to discover the relevant documents and information pertaining to the time period from April 2018 through April 2020, from Vision Holdings."  (Id. at PageID 1621.)

Plaintiff asserts that Plaintiff's counsel thereafter "continually inquired" regarding the production of the Vision Group Data, with Vision Holdings's counsel, who "indicated that it was working on the production."  (ECF No. 119 at PageID 1692.)  Plaintiff asserts that "on June 8, 2021, counsel for Vision Holdings confirmed that Vision Holdings would not be producing the Vision Holdings documents."  (Id.)  Defendant characterizes its June 8, 2021 telephone communication differently:

> Given Kismet and its counsel's lack of responsiveness, counsel for Vision Holdings . . . communicated with Plaintiff's counsel . . . about the possibility of Plaintiff filing a Rule 45 motion to compel Kismet to produce documents responsive to a subpoena Plaintiff served on Kismet, to which Kismet never responded beyond sending an objection letter.  Rather than take the direct and efficient route suggested by Vision

Holdings' counsel or attempt to communicate further with Kismet about its subpoena, Plaintiff's counsel filed the instant motion against Vision Holdings.

(ECF No. 126 at PageID 1839.)

On June 21, 2021, Plaintiff filed the instant Motion for Sanctions and Attorney's Fees Against Defendant LVI Intermediate Holdings, Inc. (Doing Business as Vision Holdings Holdings) and Memorandum in Support.  (ECF No. 119.)  The following day, on June 22, 2021, Vision Holdings notified the Court of its intent to serve a Rule 45(a)(4) subpoena on Kismet for production of the documents and information at issue.  (ECF No. 120.)  On July 8, 2021, Vision Holdings served its subpoena on Kismet (<u>see</u> ECF No. 125-1) and notified the Court as such (<u>see</u> ECF No. 125).  Vision Holdings filed a Response in Opposition to Plaintiff's Motion on July 12, 2021.  (ECF No. 126.)  Also on July 12, 2021, as Kismet had failed to respond to Vision Holdings's subpoena by the production deadline, Vision Holdings filed a Motion to Compel Kismet's Compliance with the subpoena in the Southern District of Ohio.  (<u>See</u> ECF No. 126-2.)  That Motion was later transferred to this Court on Vision Holdings's Motion to Transfer. (<u>See</u> Case No. 2:21-mc-00029-JPM-tmp, ECF Nos. 9–10.) (<u>See</u> <u>also</u> ECF No. 126-3.)

Earlier in this case, on October 13, 2020, the Rynerson Defendants filed a Motion to Dismiss Plaintiff's Second Amended Class Action Complaint with Prejudice Pursuant to Rule 12(b)(6).  (ECF No. 85.)  On the same day, the other group of Defendants in the case ("the LVI Defendants") filed a Rule 12(b)(6) Motion to Dismiss.  (ECF No. 86.)  Plaintiff's responses and Defendants' replies followed in due course.  (<u>See</u> ECF Nos. 89, 90, 93, 95.)  Plaintiff's then-pending Motion for Sanctions was not relevant to the Court's resolution of Defendants' Motions to Dismiss and its disposition of the case.  (<u>See</u> <u>generally</u> ECF No. 132.)  On September 29, 2021, the Court entered an Order Granting the Rynerson and LVI Defendants' Motions to

Dismiss for Failure to State a Claim (id.) and a Judgment dismissing the case with prejudice (ECF No. 133).  The Court now resolves Plaintiff's Motion for Sanctions.

## II.    LEGAL STANDARD

Federal Rule of Civil Procedure 37 permits, but does not require, a court to "issue further just orders" if a party "fails to obey an order to provide or permit discovery."  Fed. R. Civ. P. 37(b)(2)(A).  Potential sanctions for disobeying a court's discovery order include:

> (i) directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims;
> (ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;
> (iii) striking pleadings in whole or in part;
> (iv) staying further proceedings until the order is obeyed;
> (v) dismissing the action or proceeding in whole or in part;
> (vi) rendering a default judgment against the disobedient party; or
> (vii) treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination.

Fed. R. Civ. P. 37(b)(2)(A)(i)–(vii).  Rule 37(b)(2)(C) additionally provides that, where a party fails to comply with a court order:

> [i]nstead of or in addition to the orders above, the court must order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust.

Fed. R. Civ. P. 37(b)(2)(C).

## III.    ANALYSIS

The Court first addresses Plaintiff's request for sanctions of class certification and requiring Defendant to pay for media publication of the class notice.  The Court then addresses whether any other sanctions should be imposed under Rule 37(b)(2)(A) in this instance.  Finally, the Court evaluates Plaintiff's request for attorney fees and costs incurred in bringing the instant Motion.

A. *Class Certification and Requiring Vision Holdings to Pay for Class Notice*

For "Vision Holdings's failure to produce the Vision Group Data," Plaintiff seeks sanctions from the Court "in the form of granting Class Certification under Rule 23(b)(3) as to Vision Holdings[] [and] requiring Vision Holdings to pay for media publication of the required Class Notice."  (ECF No. 119 at PageID 1693, 1695.)  On September 29, 2021, the Court granted Defendants' Motions to Dismiss in their entirety (ECF No. 132) and entered a Judgment dismissing the case (ECF No. 133).  The Court thus **DENIES AS MOOT** Plaintiff's request for sanctions of class certification and requiring Vision Holdings to pay for media publication of class notice.

B. *Other Non-Monetary Sanctions Under Rule 37(b)(2)(A)*

Plaintiff seeks, in the alternative, "any other sanctions that the Court deems to be just and appropriate."  (ECF No. 119 at PageID 1695.)  Non-monetary sanctions such as those contemplated by Rule 37(b)(2)(A) are here inapplicable, as Plaintiff's case has been dismissed with prejudice, as discussed above.  Thus, Plaintiff's request for other (non-monetary) sanctions is **DENIED AS MOOT**.

C. *Attorney Fees and Costs under Rule 37(b)(2)(C)*

In addition to the relief discussed above, Plaintiff requests her "reasonable attorneys' fees, costs, and expenses incurred in bringing this Motion."  (ECF No. 119 at PageID 1695.)  Defendant Vision Holdings argues that "[t]he Court should employ its wide sanctioning discretion and deny such a request."  (ECF No. 126 at PageID 1852.)  While Rule 37(b)(2)(C) uses mandatory language ("must") regarding the issuance of monetary sanctions, an exception exists when the Court in its discretion determines that "the failure [to comply with a court order]

was substantially justified or other circumstances make an award of expenses unjust."[2]  Fed. R.

Civ. P. 37(b)(2)(C).  See also, e.g., ECIMOS, LLC v. Nortek Global HVAC LLC, No. 2:14-cv-

02703-SHM, 2017 WL 3468563, at *9 (W.D. Tenn. Aug. 11, 2017.)  Plaintiff's request for

monetary sanctions has not been mooted by the dismissal of her case, so the Court proceeds to

consider it.

As a preliminary matter, Vision Holdings argues that Rule 37(b) does not apply to it

because it did not disobey a court order but, instead, complied with the Order Granting

Plaintiff's Unopposed Motion to Compel.  (ECF No. 126 at PageID 1843, 1852.)  Specifically,

Vision Holdings argues that it "neither precluded nor is presently precluding Plaintiff from

obtaining relevant information from Kismet[] [and,] [i]nstead, . . . did everything in its power

to facilitate the process of Kismet's production of the materials Plaintiff requested."  (ECF No.

126 at PageID 1838–39.)  The Court's Order provides, in relevant part:

> 8.     The parties agree that the relevant documents sought are discoverable,
> within the meaning of Fed. R. Civ. P. 34(a), and Vision [Holdings] further agrees, as set
> forth in its Responses to Plaintiff's First Set of Requests for Production and
> Interrogatories, that it would produce relevant documents and respond fully to the
> interrogatories, once it obtains the documents and information from Kismet.
> 9.     Therefore, the Court finds that Plaintiff Tamara Williams is entitled to
> discover the relevant documents and information pertaining to the time period from
> April 2018 through April 2020, from Vision [Holdings], and the Motion to Compel is
> GRANTED.

---

[2] The Parties discuss the Regional Refuse factors as if they were applicable to Plaintiff's request for monetary sanctions under Rule 37(b)(2)(C).  (ECF No. 119 at PageID 1692–95; ECF No. 126 at PageID 1852.)  In the Sixth Circuit, reviewing courts consider four factors, known as the Regional Refuse factors, when assessing a district court's decision to impose Rule 37 sanctions. Freeland v. Amigo, 103 F.3d 1271, 1277 (6th Cir. 1997) (citing Reg'l Refuse Sys., Inc. v. Inland Reclamation Co., 842 F.2d 150, 154–55 (6th Cir. 1988)).  District courts also may use the Regional Refuse factors to guide their imposition of sanctions in the first instance.  See, e.g., Holbrook v. Ownbrix Int'l Corp., No. 2:19-cv-02879-JPM-cgc, 2021 WL 783550, at *3 (W.D. Tenn. Mar. 1, 2021) (citing Freeland, 103 F.3d at 1277) (citing Reg'l Refuse Sys., 842 F.2d at 154–55).)  Courts, however, do not typically apply these factors when assessing whether an award of monetary sanctions is/was warranted under Rule 37(b)(2)(C). See, e.g., id. at *6; Chao v. Oriental Forest Palace, Inc., No. 1:07-cv-619, 2008 WL 4739773, at *3 (W.D. Mich. Oct. 27, 2008).  Thus, the Court does not apply them here and instead asks whether Defendant has advanced a substantial justification for its failure to produce all of the Vision Group Data.

(ECF No. 111 at PageID 1621.)  The language above suggests that Defendant would fail to comply with the Court's Order if it did not ultimately obtain the documents from Kismet and respond fully to Plaintiff's interrogatories and requests for production, no matter its efforts made to obtain them.  However, the Court need not definitively resolve whether Defendant violated the Court's Order, because Defendant has advanced a substantial justification for its failure to produce the Vision Group Data from Kismet, as discussed below.

Plaintiff contends that, far from being justified, Defendant's "failure to produce the Vision Group Data at this stage must be construed as willful or, at a minimum, due to [Defendant's] fault."  (ECF No. 119 at PageID 1693.)  She asserts that Defendant "has failed for months to subpoena Kismet or otherwise take any legal action against Kismet to obtain the Vision Group Data," to which Defendant is legally entitled.  (Id.)  Thus, Plaintiff contends, Defendant "has not taken the necessary steps to obtain [the data], despite having the Court's Order Granting the Unopposed Motion to Compel in hand since April 8, 2021." (Id.) Defendant responds:

> Plaintiff's counsel's own statements at hearings before the Court related to the documents sought demonstrate Plaintiff's awareness that Vision Holdings, through its undersigned counsel, took *no action* that comes close to constituting intentional avoidance or willful preclusion of Plaintiff's ability to obtain the documents at issue. To the contrary, counsel worked together to obtain all necessary information, only to be stymied at every turn due to a disinterested, disengaged, and seemingly disorganized new owner of documents at Kismet.

(ECF No. 126 at PageID 1840–41.)

Indeed, Defendant has demonstrated that its failure to comply with the Court's Order arose from the uncooperativeness of a third party, Kismet, despite Defendant's (ongoing and escalating) good-faith efforts at compliance.  In response to Plaintiff's Motion, Defendant describes its attempts to retrieve the documents from Kismet:

Following the aforementioned productions [of documents to Plaintiff from September 2020 through February 2021], and despite Vision Holdings' countless attempts to facilitate production via email correspondence and telephone calls, in-house counsel for Kismet stopped cooperating in any fashion to requests pertaining to the production of documents. In addition to dozens of emails exchanged related to this issue by counsel for Vision Holdings over the course of the late summer and into the fall and winter of 2020, Vision Holdings sent follow-up emails to Kismet and its counsel in 2021. These emails evidence Vision Holdings' commitment to participating in the discovery process in good faith and with diligence, as well as show that Vision Holdings' counsel spent considerable time and effort attempting to obtain the documents sought by Plaintiff, even offering to compensate Kismet for the document production.

After Kismet's general counsel left his position in late April of 2021—without responding to Vision Holdings' counsel's inquiries about the amount of compensation necessary to ensure Kismet's compliance with producing the necessary documents— counsel for Vision Holdings continued to contact outside counsel for Kismet in an attempt to move the issue forward. Eventually, and as demonstrated in Attachment 1 to Vision Holdings' Subpoena to Kismet, Kismet's outside counsel also stopped responding to Vision Holdings. In light of those realities, Vision Holdings' undersigned counsel issued and served a subpoena to Kismet, making clear the limited scope of documents sought.

(Id. at PageID 1842.) (citing emails attached in ECF No. 126-1 at PageID 1867–1911.)  During the Motion Conferences on Plaintiff's Motion to Compel, Defendant detailed similar failed attempts to gain Kismet's cooperation in this matter.  (See ECF No. 116 at PageID 1643–50; ECF No. 117 at PageID 1674–75; ECF No. 121 at PageID 1761–62, 1765–66.)  Although Plaintiff takes issue with the fact that Defendant had failed to take legal action at the time of its Motion (discussed above), Plaintiff does not dispute any of the factual content of Defendant's efforts.  Additionally, throughout the Motion Conferences, Defense counsel expressed its desire to cooperate with Plaintiff's requests,[3] and the Court acknowledged Defendant's incentive, and

---

[3] For example, during the hearing on March 11, 2021, Defense counsel stated, "We'd love to get the documents to [Plaintiff].  We'd love for [Plaintiff] to have them.  Frankly, we'd like to have them because we think some of them are helpful to us."  (ECF No. 116 at PageID 1648–49.)

efforts, to do so.[4]   Plaintiff acknowledged as much as well.[5]   Finally, Defendant did subsequently take the legal action that Plaintiff contends was required; it subpoenaed Kismet and then moved to compel Kismet's compliance with the subpoena, as detailed above.   The Court finds that due to the pattern of apparent progress followed by unexpected setback that Defendant faced throughout its attempts to secure Kismet's cooperation, Defendant was justified in waiting to take legal action until the point at which it did.   In sum, Defendant's efforts to induce Kismet's compliance demonstrate that its failure to produce all of the requested documents was due to its inability, despite reasonable efforts, to do so.

The Court thus finds that Defendant has advanced a substantial justification for its failure to comply, especially in light of Defendant's open communication with Plaintiff along the way.   Cf. Chao, 2008 WL 4739773, at *3 ("[D]efendants have failed to advance any substantial justification for ignoring their discovery obligations for the past seven months."). Accordingly, the Court additionally finds it would be unjust to award the expenses that Plaintiff requests.

Plaintiff's request for attorney fees, costs, and expenses is hereby **DENIED**.

---

[4] At the March 11, 2021 hearing, for example, the Court stated that it understood that the possibility of liability for ultimately failing to produce the documents "motivated this set of defendants to try to cooperate with the plaintiffs and get this done."   (Id. at PageID 1656.)   During the April 8, 2021 hearing, the Court acknowledged that "[a]ll the defendants and [defense counsel] ha[d] been trying to complete the production [of the documents]."   (ECF No. 121 at PageID 1758.)
[5] During the March 11, 2021 hearing, Plaintiff's counsel stated, "[T]his is a pretty unusual motion in the sense that, you know, I've conferred a lot with [Defense counsel].   He's been very forthcoming about trying to get these documents on behalf of LVI.   And, in fact, he was having such trouble, I did subpoena the records from Kismet . . . ."   (ECF No. 116 at PageID 1639.)

IV.    **CONCLUSION**

For the reasons above, Plaintiff's Motion for Sanctions and Attorney's Fees Against Defendant LVI Intermediate Holdings, Inc. (Doing Business as Vision Holdings Holdings) is **DENIED**.

**SO ORDERED**, this the 29th day of December, 2021.

/s/ Jon P. McCalla
JON P. McCALLA
UNITED STATES DISTRICT JUDGE